## ALPHEUS SPEAR *versus* CHARLES A. CUMMINGS.

The teacher of a town school is not liable to any action by a parent, for refusing to instruct his children.

CASE. The declaration set forth, that the defendant was duly employed as, and took upon himself the office, of teacher of a public district school in Quincy, for the sum of $450 a year ; that it thereupon became his duty to teach all the chil dren between the ages of seven and sixteen years, residing in the district, who should be sent to the school for instruction ; that the plaintiff resided in the district with three children and a servant, between those ages, and that he sent them to the school and requested the defendant to teach them ; yet that the defendant, well knowing the premises, would not teach them, but, contriving and intending to injure the plaintiff, refused so to do ; whereby the plaintiff lost the benefit of their instruction, and was liable to pay a tax for the support of schools, without receiving any consideration therefor.

At the trial *Putnam* J. ruled, that no action could be maintained upon this declaration ; and the plaintiff was nonsuited. The plaintiff excepted to this ruling.

*Nov. 22d,*
*1838*

*Dexter* and *A. Churchill* junior, for the plaintiff, cited *Gardner* v. *Ward*, 2 Mass. R. 244, note ; *Lincoln* v. *Hapgood*, 11 Mass R. 350 ; *Kilham* v. *Ward*, 2 Mass. R 236 ; *Stetson*

v *Kempton*, 13 Mass. R. 272 ; *Bridge* v. *Lincoln*, 14 Mass. R. 367 ; *Dillingham* v. *Snow*, 5 Mass. R. 547 ; *Lane* v. *Cotton*, 1 Salk. 18.

*Metcalf* and *Gourgas*, for the defendant, cited Revised Stat. *c.* 7, § 44, and *c.* 23, § 7, 8, 25, 28 ; *Clark* v. *Great Barrington*, 11 Pick. 264 ; *Swallow* v. *Stephen*, Clayton, 17 ; 1 Wooddeson, 451, 465 ; *Gray* v. *Jeffries*, Cro. Eliz. 55 ; *Barham* v. *Dennis*, Cro. Eliz. 770 ; Reeve's Dom. Rel. 291, 376 ; *Norton* v. *Jason*, Styles, 398 ; *Mary's case*, 9 Coke, 113 ; *Osborne's case*, 10 Coke, 130 ; *Everard* v. *Hopkins*, 2 Bulstr. 334 ; *Moies* v. *Baker*, 3 Bulstr. 197 ; *Edmondson* v. *Machell*, 2 T. R. 4 ; *Irwin* v. *Dearman*, 11 East, 24 ; *Norris* v. *Dodd*, 3 Campb. 520 ; *Taylor* v. *Neri*, 1 Esp. R. 385 ; *Clements* v. *May*, 7 Carr. & Payne, 678 ; *Doe* v. *Cole*, 6 Carr. & Payne, 359 ; *Russell* v. *Devon*, 2 T. R. 667 ; *Mower* v. *Leicester*, 9 Mass. R. 247 ; *Hubert* v. *Groves*, 1 Esp. R. 148 : *Harman* v. *Tappenden*, 1 East, 555 ; *Drewe* v. *Coulton*, 1 East, 563, note ; *Wheeler* v. *Patterson*, 1 New Hamp. R. 88 ; *Jenkins* v. *Waldron*, 11 Johns. R. 114 ; *Seaman* v. *Patten*, 2 Caines's R. 312.

SHAW C. J. afterward drew up the opinion of the Court. This is an action of new impression, and it is not known that a similar one has ever been brought in this or any of the other States. It is certainly a consideration of great weight, that no such action has ever been maintained, but it is not decisive.

In the first place, it is manifest, that there is no privity of contract, between the parents of pupils to be sent to school, and the school-master. The latter is employed and paid by the town ; and to them only is he responsible on his contract. And, again, the master of a school is not an independent public officer, bound to exercise the functions of his office, for the benefit of individuals, under fixed and settled rules and obligations, prescribed by law, like a sheriff; nor is he to exercise his own will and judgment, in receiving or excluding pupils. The law provides, that every town shall choose a school committee, who shall have the general charge and superintendence of all the public schools in such town. Revised Stat. *c.* 23, § 10. The general charge and superintendence, in the absence of express legal provisions, includes the power of determining

what pupils shall be received and what pupils rejected. The committee may, for good cause, determine that some shall not be received, as, for instance, if infected with any contagious disease, or if the pupil or parent shall refuse to comply with regulations necessary to the discipline and good management of the school. But the plaintiff contends, and so he has averred in his declaration, that where an instructor is employed to keep a district town-school, it is his imperative duty to receive all pupils between the ages of seven and sixteen years, who are sent to him by any parent residing in the district, and to instruct them ; that it is the absolute and personal right of every parent, master or guardian, residing within the district, to send children of either sex and within those ages, and that a refusal by the master to receive and instruct them, is a violation of such personal right, for which an action will lie. But conformably to the view already taken, we think that this is not the relation in which the master and parent stand to each other. It overlooks the superintending and managing power of the committee. It would compel the master, on peril of an action for damages, to take pupils, whom the committee might determine not to be proper subjects for admission.

But further, the argument assumes the principle, that whenever there is a breach of public duty by negligence or misfeasance, any party who sustains a damage by it, may have his action against the party guilty of such violation. But this position, to this extent, we think cannot be maintained. It is made the duty of towns to keep roads in repair ; but no action lies at common law in favor of an individual who suffers by the neglect of such duty. *Mower* v. *Leicester*, 9 Mass. R. 247. Such action will only lie, where an action is given by the statute. So, in case of a common nuisance, an action will not lie against the person causing it, at the suit of an individual, who sustains an inconvenience from it, unless of a special nature affecting him differently from the rest of the community. The argument from inconvenience against such an action, is also extremely forcible. If one member of the school district may have an action against the master, every member has the same right ; if he may sue for a general refusal to receive and instruct a child, there seems to be no reason why an action

will not lie in case the master does not instruct with due skill, capacity and diligence. Such a state of things would not be likely to improve the condition of the schools, and would lead to vexatious and ruinous litigation.

But it is asked, what is the remedy of parents and guardians, whose children are refused the benefit of schools designed for the instruction of all. We think, if a child of proper age and qualifications is rejected by the master, the proper course for the parent is, to appeal to the committee. If, on their requisition, the master should refuse to accept the pupil, they would have ample means to enforce their authority, by means of their contract with the master. If they shall approve and confirm the act of the master, we are to believe that there is good and sufficient cause for the rejection of the pupil. The law will not presume that the committee, who are invested with the power of superintendence and management, will act arbitrarily and unjustly, in a matter submitted to their judgment. If, after all, there should be found practically, any danger of an encroachment upon private rights, in a matter in which the whole community have so deep an interest, it is for the legislature to provide more ample and specific security against such danger.

The plaintiff relied mainly for the support of his action, upon a class of cases in which it has been held, in this Commonwealth, that a qualified voter, who has been denied the privilege of voting, may have his action for damages, against the selectmen, who have thus practically deprived him of his legal and constitutional privilege. *Gardner* v. *Ward*, 2 Mass. R. 244, note ; *Lincoln* v. *Hapgood*, 11 Mass. R. 350 ; *Bridge* v. *Lincoln*, 14 Mass. R. 367. But the principle upon which these cases were decided, was, that this is a great personal, political and constitutional privilege, in danger of being frequently and wantonly violated by those in the exercise of power, and that it would be difficult, in most cases, to prove actual malice ; and, *ex necessitate*, the law allows such action, upon considerations of great public policy, to prevent greater mischief. This principle is not applicable to the case under consideration, and cannot be relied upon, as a precedent.

The Court are all of opinion, that the action cannot be maintained, and that the nonsuit was right.